IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-116-BO

WOODELL MCGOWAN,                              )
                                             )
             Plaintiff,                       )
                                             )
      v.                                      )        **O R D E R**
                                             )
CAROLYN COLVIN,                               )
Acting Commissioner of Social Security,       )
                                             )
             Defendant.                       )
_____)

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 28]. A hearing on this matter was held in Raleigh, North Carolina on November 24, 2014 at 3:00 p.m at which the Commissioner appeared via video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On July 31, 2009, plaintiff filed an application for disability insurance benefits alleging disability beginning September 1, 2005. [Tr. 66–67, 128]. Plaintiff's application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") then held a hearing on June 9, 2011. [Tr. 31–47, 85]. At the hearing, plaintiff amended his alleged onset date to March 22, 2007. [Tr. 34–35]. On June 24, 2011, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Social Security Act between March 22, 2007 and the date of the decision. [Tr. 17–25]. The Appeals counsel denied plaintiff's request for review thereby

rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1–3]. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

Plaintiff has a high school education and has worked as an ultrasonic and current inspector. [Tr. 163, 169]. He was 63 years old on the date of the ALJ's decision and complains of prostate, heart, and emotional problems, and high blood pressure. [Tr. 25, 34–35, 157, 162].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's

2

impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff alleges that the ALJ erred by failing to include all of Mr. McGowan's documented limitations in the RFC, ignoring the opinion of a treating physician, and failing to have a vocational expert ("VE") testify at the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence and remands the case to the agency for further proceedings.

The ALJ found that Mr. McGowan's benign prostatic hyperplasia was a severe impairment, but did not include any limitations in the RFC related to the condition. Plaintiff has one symptom of his prostatic hyperplasia that is well documented in the records, would interfere with plaintiff's ability to work, and was deserving of inclusion in the RFC. Plaintiff has significant issues with urinating – he is required to be in close proximity to a restroom at all times in order to urinate and has occasional instances where he urinates himself because he is not able to get to a restroom in time. This is supported by both Mr. McGowan's testimony [Tr. 36–38], and the medical evidence in the record. [Tr. 312–15, 387, 398–99, 486, 683–84]. Plaintiff has continuously been prescribed medication for this issue and underwent a prostectomy due to his urination problems, however, his prostate tissue has regrown and he continues to experience difficulties. *Id.* This issue requires remand for the ALJ to consider plaintiff's RFC with the

3

proper limitations as a result of his urination problems to include the limitation of needed immediate access to a restroom. Due to this non-exertional limitation, the ALJ is also instructed to consult a VE to determine whether or not jobs in the national economy exist for someone with this limitation and Mr. McGowan's RFC.

The ALJ also failed to adequately address Mr. McGowan's limitations due to his fatigue. This condition is also well documented by the medical records and is ongoing. [Tr. 40–46, 312–13, 634, 363–64, 687]. Upon remand, the ALJ should consider Mr. McGowan's fatigue and its effects on his ability to perform exertional tasks such as lifting, carrying, and walking, and its effects on his ability to perform non-exertional tasks such as concentration, persistence, and pace.

It was also error for the ALJ to fail to address the April 2009 opinion of Mr. McGowan's treating psychiatrist, Dr. Louis Gagliano. The ALJ must consider the record as a whole and explain the weight he gave to all of the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984). The ALJ is required to evaluate treating physician opinions in accordance with 20 C.F.R. § 404.1527. When an ALJ fails to discuss relevant evidence that is in opposition to his own opinion, remand is the appropriate remedy. *Murphy v. Bowen*, 812 F.2d 433 (4th Cir. 1987).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 4 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4